Strausburger *v.* Meckes et al., Appellants.

Argued April 15, 1948. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George F. Coffin, Jr.,* with him *Calvin F. Smith* and *Smith, Paff, Van Sickle & Gafford,* for appellants.

*Daniel L. McCarthy,* with him *Albert H. Heimbach,* for appellee.

PER CURIAM, May 24, 1948:

This is an appeal from a judgment entered on a jury's verdict for the plaintiff against one of two defendants for damages for personal injuries received in a collision between a truck and a passenger automobile wherein the plaintiff was riding as a guest. The defendant, against whom the jury so found, was the owner of the truck which was being driven by his servant at the time of the accident. The jury, by its verdict, absolved the other defendant, the owner and driver of the passenger car, from liability. Judgment was also entered on that portion of the verdict after the plaintiff's motion for a new trial in his case against the exculpated defendant had been denied. The plaintiff has not appealed from that judgment.

The appellant's only assignment sufficient in form and substance to charge error to the court below is the one assignment relating to the lower court's refusal of the appellant-defendant's motion for judgment n. o. v. In assigning error in that connection, the appellant relies upon his contention made below, as well as here, that the plaintiff stood convicted of contributory negligence out of his own mouth on the testimony he gave to show that the passenger car had defective brakes to the adequately prior knowledge of the owner,—circumstances which the latter denied. The answer to the contention is that the verdict in favor of that particular defendant conclusively confirms that the jury did not

accredit the story about the brakes so that the plaintiff could not have been guilty of contributory negligence on that score. While it would be reasonable to conclude that the plaintiff knew what he charged the owner of the car with knowing, the jury presumptively found that the condition imputed by the plaintiff's testimony in respect to the brakes did not exist.

The various contentions which the defendant made below on the motions following verdict and, as appellant, made here, including the one above discussed, were fully and satisfactorily answered by Judge BARTHOLD for the court en banc on whose opinion we now affirm.

Judgment affirmed.